WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornele A. Overstreet,<br><br>    Plaintiff,<br><br>v.<br><br>Starbucks Corporation,<br><br>    Defendant. | No. CV-22-00676-PHX-JJT<br><br>**ORDER** |

At issue is Respondent's Motion for Fees Pursuant to 28 USC § 2412(b), 28 USC § 1927, Local Rule 54.2, and the Court's Inherent Authority (Doc. 49, Mot.), to which Petitioner filed a Response (Doc. 54, Resp.) and Respondent filed a Reply (Doc. 55, Reply). Also at issue is Respondent's Motion for Leave to File Documents Under Seal (Doc. 50).

**I.   BACKGROUND**

On April 22, 2022, Petitioner Cornele A. Overstreet, Regional Director of the 28th Region of the National Labor Relations Board (NLRB), for and on behalf of the NLRB, filed a Petition for Temporary Injunction under Section 10(j) of the National Labor Relations Act [(NLRA)], as Amended [29 U.S.C. § 160(j)], seeking injunctive relief against Respondent Starbucks Corporation. (Doc. 1.) The Court held a hearing on the Petition on June 8, 2022, and denied the temporary injunctive relief Petitioner requested, making Respondent the prevailing party. (Docs. 39, 43, 46.) Respondent now seeks its attorneys' fees and non-taxable costs in defending against the Petition.

## II. ANALYSIS

### A. Motion to Seal

In conjunction with its Motion for Attorneys' Fees, Respondent filed a Motion to Seal (Doc. 50) certain confidential documents and lodged the documents under seal (Docs. 51, 52). The Motion is unopposed by Petitioner.

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the party seeking to seal the document must demonstrate "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103.

Here, the documents Respondent proposes to seal are only tangentially related to the merits of the case. Moreover, Respondent has articulated an adequate justification for the documents to remain under seal: they contain "sensitive and nonpublic business information" that "must be treated as confidential." (Doc. 50 at 2.) Accordingly, the Court will grant Respondent's Motion to Seal.

### B. Motion for Attorneys' Fees

Respondent argues that it is eligible for and entitled to attorneys' fees on three bases, namely, 28 U.S.C. § 2412(b), 28 U.S.C. § 1927, and the Court's inherent authority. (Mot. at 1.)

A portion of the Equal Access to Justice Act (EAJA) provides that, "in any civil action brought by or against the United States" or any United States agency or official, the government "shall be liable" for reasonable attorneys' fees and expenses "to the same extent that any other party would be liable under the common law or under the terms of

any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). "The common law allows a court to assess attorney's fees against a losing party that has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008).

Relatedly, under 28 U.S.C. § 1927, "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court also possesses inherent authority to issue sanctions including the costs of attorneys' fees and expenses. *B.K.B. v. Maui Police Dept.*, 27 F.3d 1091 (9th Cir. 1091). Under this authority, sanctionable conduct includes that "which abuses the judicial process," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991), and "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith," *Fink v. Gomez*, 255 F.3d 989, 994 (9th Cir. 2001). While a finding of recklessness is sufficient for the Court to impose sanctions under 28 U.S.C. § 1927, sanctions under the Court's inherent authority require recklessness combined with "an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* A claim is frivolous when it "is groundless with little prospect of success" and "foreclosed by binding precedent or so obviously wrong as to be frivolous." *Primus Auto. Fin. Servs. Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). In sum, a court's exercise of its inherent sanctioning power is appropriate when there has been "willful disobedience of [a] court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink*, 255 F.3d at 991 (internal quotation omitted).

Respondent argues that Petitioner willfully misstated facts and pursued claims that were so groundless that the claims were frivolous, which constitutes bad faith. Petitioner based the Petition on the complaints of three employees who alleged that Respondent engaged in unfair labor practices in violation of Sections 8(a)(1), (3), and (4) of the NLRA, 29 U.S.C. § 158, in their conduct toward the employees. The first, Laila Dalton, claimed that she was improperly surveilled, investigated, and ultimately discharged. Respondent

maintains that Petitioner knew or should have known from surveillance video that Dalton recorded her managers' conversations without their permission and while she was not present in the room, in violation of Respondent's policies and state law, leading to Dalton's termination. As such, Respondent argues Petitioner brought Dalton's complaint frivolously.

Respondent's version is not the full story. As Petitioner points out (Resp. at 3–6), Respondent began closely monitoring Dalton earlier—for example, disciplining her for wearing AirPods and not masking (according to store policy) in an off-duty visit to the store—and the Court found at least some circumstantial evidence of a nexus between Dalton's union activity and the monitoring and discipline by Respondent. Ultimately, the Court found Respondent had cause to later terminate Dalton for violating store policy and likely state law for recording her managers' conversations outside her presence and without their permission, disagreeing with Petitioner that federal labor law protected Dalton's violation of state law. The Court thus declined to enter temporary injunctive relief returning Dalton to her employment with Respondent. But the Court disagrees that Petitioner brought a frivolous claim on behalf of Dalton.

The second complainant, Alyssa Sanchez, averred in an affidavit that Respondent displayed union animus when it stopped granting her schedule change requests after she engaged in union activity. Later evidence showed that the denials of her schedule change requests occurred before Sanchez engaged in union activity and that Sanchez withdrew the request she made after her union activity began and resigned from her position to go to flight school—an event Petitioner characterized as constructive discharge. Considering Petitioner based its claim on Sanchez's affidavit, it was not frivolous, and Petitioner maintains (Resp. at 7–8) that Respondent surprised Sanchez in her deposition with the documentation of her pre-union schedule request changes and omitted her later requests. The Court does not find the Sanchez claim was frivolous from Petitioner's point of view.

The third complainant, Tyler Gillette, alleged that Respondent displayed union animus when it rescinded medical accommodations it had previously approved and placed

Gillette on indefinite, unpaid leave. Respondent's store and district managers testified they did not deny Gillette's accommodation requests but rather tried to assist Gillette in providing the required medical documentation, that Gillette requested the leave of absence, and that Gillette returned to work on a regular schedule about a month later. Petitioner and Gillette still maintain that Respondent removed interim accommodations that were in place after Respondent learned of Gillette's union activity. While the Court focused its decision on the fact that Gillette had returned to work full-time, mooting Petitioner's request for temporary injunctive relief to allow Gillette to return to work, the Court does not find that Petitioner's claim was frivolous with regard to Gillette.

In addition to finding that Petitioner's claims were not frivolous, the Court does not find other evidence of Petitioner's lack of an honesty of purpose in this case. Moreover, Petitioner did not act recklessly by unreasonably multiplying these proceedings. Finding neither recklessness nor conduct tantamount to bad faith on the part of Petitioner, the Court concludes Respondent is not entitled to attorneys' fees in this matter.

**IT IS THEREFORE ORDERED** granting Respondent's Motion for Leave to File Documents Under Seal (Doc. 50).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file under seal the documents currently lodged under seal at Docs. 51 and 52.

**IT IS FURTHER ORDERED** denying Respondent's Motion for Fees Pursuant to 28 USC § 2412(b), 28 USC § 1927, Local Rule 54.2, and the Court's Inherent Authority (Doc. 49).

Dated this 27th day of January, 2023.

Honorable John J. Tuchi
United States District Judge